**TRINITY CARTON COMPANY, INC.,**
**Plaintiff-Appellant,**

v.

**FALSTAFF BREWING CORPORATION,**
**Defendant-Appellee.**

No. 86-3332.

United States Court of Appeals,
Fifth Circuit.

May 18, 1987.
Rehearing Denied June 24, 1987.

James J. Morrison, Jr., New Orleans, La., for plaintiff-appellant.

Bruce North, Ernest A. Burguieres, III, Lawrence J. Molony, Molony, North & Hanewinckel, Metairie, La., for defendant-appellee.

Before THORNBERRY, GEE, and JONES, Circuit Judges.

PER CURIAM:

Trinity Carton Company, Inc., appeals the district court's denial of its post-judgment motion. Finding that the motion falls under Rule 60(b), we hold that the district court did not abuse its discretion in denying it and we therefore affirm.

This should be the final court skirmish in a war that has raged since 1973. In that year, Trinity sued Falstaff Brewing Corporation in a federal court in Louisiana for breach of an oral sublease. After the main engagement in 1976, a jury returned a verdict in favor of Trinity, and the district court later assessed approximately $1.3 million in damages. We heard Falstaff's appeal in 1985, affirming the case in large part but remanding to the district court for the addition of $10,000 in damages. *See Trinity Carton Company, Inc. v. Falstaff Brewing Corp.*, 767 F.2d 184 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1202, 89 L.Ed.2d 315 (1986). The district court reopened the case in October 1985 and, shortly thereafter, circulated a proposed Judgment on Remand that replicated the original Judgment, save for an additional paragraph awarding the $10,000 ordered by the appeals court. When Trinity started executing on the judgment, it revealed to Falstaff an interpretation of the judgment not in accordance with its plain terms.

Trinity's interpretation of the judgment forms its substantive claim and involves the proper calculation of interest in light of Falstaff's partial payments of $315,000

during the lease period. The district court's order, both in its original final judgment and reformed final judgment, deducted all of Falstaff's payments from the principal owed to Trinity.[1] Trinity contends that the final judgment, when read in conjunction with the applicable state statutes concerning the payment of interest on contract claims, mandates that Falstaff's credits be applied first to any interest outstanding on the date of the payment. Falstaff argued that the judgment clearly stated that the payments were to be credited directly against the principal. The difference between the two methods of calculation amounts to over $225,000.

On November 14, upon realizing the difference in interpretations, Falstaff moved for a clarification of the judgment. After receiving briefs on the question, the court agreed with Falstaff that the judgment was clear and unambiguous and that the "interest is to be calculated on the net principal, which is the gross principal reduced by the credits due to Falstaff." Minute Entry, Dec. 18, 1985, at 1. The court concluded there was "no basis in [the judgment's] clear wording for the contention of Trinity that the credits due Falstaff should first be imputed to interest before imputation to principal." *Id.* Such is the substantive issue.

■ The substantive issue, however, is not directly before us. We must review Trinity's appeal under the appropriate standard. We therefore look to the record to characterize its postjudgment motion. The timing of both Falstaff's and Trinity's motions is important to this issue:

| | |
|---|---|
| 07/11/83 | Original Judgment in favor of Trinity. |
| 10/22/85 | Remanded to district court. |
| 11/14/85 | Falstaff's Motion to Clarify |
| 11/19/85 | Judgment on Remand |
| 12/18/85 | Order accepting Falstaff's method of calculation. |
| 12/30/85 | Trinity's Motion for New Trial and/or relief from judgment or order. |
| 04/14/86 | Trinity's motion denied. |
| 04/29/86 | Trinity's notice of appeal. |

Because Falstaff filed its Motion to Clarify before the entry of the final Judgment on Remand, it is difficult to classify it for appellate timeline purposes. In this case, however, it does not make a difference whether we classify Falstaff's Motion to Clarify as a Rule 60(b) motion relating back to the original judgment or a premature Rule 59(e) motion relating to the Judgment on Remand. In either case, for reasons discussed below, Trinity's motion for a new trial and/or relief from judgment comes within the definition of Rule 60(b).

The actual filing date of Falstaff's Motion to Clarify, by itself, relates the motion to the original 1983 judgment because it was filed before judgment on remand was entered. In addition, the circumstances surrounding its filing indicate that the motion addressed language of the original judgment. That language remained untouched by the appellate court and was the language that permitted Trinity to begin execution of the judgment before the entry of the Judgment on Remand. Under this analysis, Falstaff's motion could not have tolled the running of the appeals' limitation period because it was filed more than 10

---

1. Both the original Judgment and the Judgment on Remand read in pertinent part:

IT IS ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of the Plaintiff, Trinity Carton Company, Inc., and against the Defendant, Falstaff Brewing Corporation, in the principal amount of ONE MILLION THREE HUNDRED SEVENTY THOUSAND FIVE HUNDRED FORTY NINE and 76/100 ($1,370,549.76) DOLLARS, less total credits of THREE HUNDRED FIFTEEN THOUSAND AND 00/100 ($315,000.00) DOLLARS, for a net principal amount of the judgment of ONE MILLION FIFTY FIVE THOUSAND FIVE HUNDRED FORTY NINE and 76/100 ($1,055,549.76) DOLLARS, together with interest at the legal rate on each item

making up the aforesaid principal amount from the date each said item became due as shown in the schedules to the Findings and Recommendation of the Magistrate entered on May 6, 1982 and in the schedules of interest and miscellaneous expenses allowed in this Court's Memorandum Opinion entered on June 21, 1983 with Falstaff being given credit for each item making up the total credits due it from date of receipt of each of said items as shown in the schedule of receipts as set out in the Findings and Recommendation of the Magistrate entered on May 6, 1982, together with ten percent (10%) attorney's fees on the amount of the net principal amount and on all interest, together with all costs.

days after the original judgment. Fed.R. App.P. 4(a); *see Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665 (5th Cir.) (en banc), *cert. denied sub nom. Southern Pacific Transportation Co. v. Harcon Barge Co.,* — U.S. —, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

■ The district court ruled on Falstaff's motion on December 18. Trinity filed its motion for new trial and/or relief from judgment or order on December 30, for legal purposes within ten days of the court's order.[2] *See* Fed.R.Civ.P. 6(a). Trinity styled its motion as both a Rule 59(e) motion and Rule 60(b) motion. Under the above analysis, however, we can treat it only as an additional motion relating to the original judgment and with no effect as to the running of the time for appeals. It is solely a Rule 60(b) motion that asks for relief from the judgment.

The characterization of Trinity's motion would not change if we were to interpret Falstaff's motion to clarify as a prematurely-filed Rule 59(e) motion relating to the Judgment on Remand.[3] In that case, Falstaff's motion would have extended the allowable appeals period to 30 days after the entry of the order disposing of that motion. Fed.R.App.P. 4(a)(4). When the court entered that order on December 18, Trinity had 30 days to appeal the Judgment on Remand.

■ Trinity instead filed a motion for a new trial and/or relief from judgment. Trinity argues that its motion functions as a Rule 59(e) motion because it was filed within 10 days of the district court's order, and therefore its motion again extended

the appellate limitations period.[4] We have already rejected such a contention. "A motion to reconsider an order disposing of a motion of the kind enumerated in Rule 4(a) does not again terminate the running of the time for appeal." *Wansor v. George Hantscho Co., Inc.,* 570 F.2d 1202, 1206 (5th Cir.) (footnote omitted), *cert. denied,* 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344 (1978). In addition, the district court's order disposing of Falstaff's Motion to Clarify did not alter or amend the judgment in any way and therefore cannot be interpreted as an order that granted timely postjudgment relief and entitled Trinity to once again extend the appellate limitations period. *See Harrell v. Dixon Bay Transportation Co.,* 718 F.2d 123, 126–29 (5th Cir. 1983).[5] The December 18 order reestablished the finality of the judgment on remand, and the policy underlying finality precluded the district court from hearing yet another motion to reconsider its judgment when that motion was filed later than 10 days after its judgment. *See Brown v. United Insurance Co.,* 807 F.2d 1239, 1242–43 (5th Cir.1987). Under this framework, Trinity's motion becomes either an untimely Rule 59(e) motion or a Rule 60(b) motion, neither of which extends the running of the appellate time clock. Trinity's notice of appeal came after the 30 days allowed by Appellate Rule 4(a)(4) and therefore Trinity has not timely appealed the substantive Judgment on Remand.

■ Trinity's motion did ask for relief under Rule 60(b) and it did timely appeal the denial of that relief. Rule 60(b) enumerates six situations in which the district

2. December 28, 1985, was a Saturday.

3. In these circumstances, we could style the motion this way with the broad brush of Fed.R. Civ.P. 1. It may indeed be the best common-sense interpretation of the motion because both parties had a copy of the Judgment on Remand when Falstaff filed its motion. In any event, to construe Falstaff's motion as a Rule 59(e) motion relating to the Judgment on Remand would not prejudice Falstaff's rights. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 386–89, 98 S.Ct. 1117, 1120–22, 55 L.Ed.2d 357 (1978).

4. We note that Trinity conjured up this argument only at oral argument; it was noticeably

lacking in its briefs. We do not condone this practice.

5. In *Harrell,* the district court originally granted judgment for Harrell. Dixon Bay successfully moved for a judgment notwithstanding the verdict. The district court then entered a *new* judgment and Harrell filed a Rule 59(e) motion to reconsider within 10 days of the new judgment. That motion was denied and Harrell appealed. We held that Harrell's 59(e) motion extended the appellate limitations period because the district court's order disposing of the original postjudgment motion resulted in a new judgment and the first one adverse to Harrell.

court may grant relief from a final judgment. Trinity contends that under the sixth category, "any other reason justifying relief from the operation of the judgment," it was entitled to relief. Trinity wishes to tap this Rule's "grand reservoir of equitable power to do justice in a particular case." *See Menier v. United States,* 405 F.2d 245, 248 (5th Cir.1968). Before an appellant can drink of that reservoir, however, it must show the requisite equities.

▮▮▮ We first note the narrow standard of review in Rule 60(b) cases: We may set aside a denial of relief only for abuse of discretion and "[i]t is not enough that the granting of relief might have been permissible, or ever warranted—denial must have been .so *unwarranted* as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981) (emphasis in original). We examine only the trial judge's action in denying Trinity's motion; we cannot extend our review to the underlying merits of Trinity's case. *See United States v. O'Neil,* 709 F.2d 361, 373 (5th Cir.1983). Furthermore, we note that Rule 60(b) is applied most liberally to judgment denying the appellant a trial on the merits. *Seven Elves,* 635 F.2d at 403.

▮▮ Under this standard of review, we hold that the district court did not abuse its discretion in denying Trinity's Rule 60(b) motion. The court heard Trinity's arguments on the interpretation of the judgment and ruled on Falstaff's clarification motion only after it had received briefs from both parties. The motion basically questioned the correctness of the judgment. It did not reveal the traditional equities favoring relief from the judgment. Trinity had its day in court and lost. It had notice of the district court's interpretation of the judgment when the trial judge entered the order on Falstaff's motion to clarify. Trinity then had 30 days to appeal that judgment to this Court. Its failure to do so remits it to a stricter standard of review. The administration of justice requires us to protect the finality of judgments by applying this stringent standard. Allowing a few to circumvent the rules of appellate procedure would only create confusion and produce injustice for many. We therefore AFFIRM the district court's denial of Trinity's Rule 60(b) motion.