IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-10012

---

EARL RUSSELL BEHRINGER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of
Criminal Justice,
Institutional Division,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas

---

February 5, 1996

Before GARWOOD, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:

I

Earl Russell Behringer is now scheduled to be executed on February 15, 1996. We have today in Cause No. 95-10976 denied Behringer's application for stay of execution and refused to issue a certificate of probable cause. Behringer filed his notice of appeal from the judgment in No. 95-10976 on October 18, 1995. On December 21, 1995, while his motion for stay of execution pending appeal and application for certificate of probable cause were pending before this court, Behringer filed a motion for relief from judgment and brief in support thereof under Fed. R. Civ. P. 60(b)

in the district court.  Judge McBryde denied the motion on December 27, 1995, and on January 2, 1996, petitioner filed his notice of appeal from that order.  Behringer also seeks a stay of execution and a certificate of probable cause in his appeal from the district court's denial of relief under Rule 60(b).

## II

Behringer's motion for relief under Rule 60(b) asserted his actual innocence of the capital offense; that he was denied effective assistance of counsel at trial when his attorney failed to introduce the testimony of Jerry Hogue.  Jerry Hogue is also on death row in Texas.  Behringer asserts that Hogue will testify that Scott Rouse, Behringer's co-defendant, admitted to Hogue that he, Rouse, killed both the murder victims.  The contention is that although aware of Hogue's testimony, petitioner's trial counsel failed to offer the evidence at trial.  Behringer's counsel in the habeas proceeding approached Hogue in 1994, but according to Behringer, Hogue refused to provide sworn statements regarding his claimed conversations with Rouse.  Behringer asserted that on November 27, 1995, Hogue told his lawyer in a telephone call that he would cooperate, and on December 12, gave his affidavit to the effect that Rouse had admitted killing the two murder victims.  Behringer asserts that Hogue "notified Larry Moore, petitioner's trial attorney, that Rouse had acknowledged his own guilt of the double murder."

2

III

We review denial of relief under 60(b) by an abuse of discretion standard.  See Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977).

We begin by noting that petitioner may not add new claims after the district court has entered final judgment.  Briddle v. Collins, 63 F.3d 364, 376 (5th Cir.) (cert. denied) 116 S.Ct. ____ (Dec. 11, 1995).  Relatedly, a motion raising new claims after entry of a final judgment is properly viewed as a second federal petition.  Williams v. Whitley, 994 F.2d 226, 230-31, n.2 (5th Cir. 1993).

Accepting the facts stated by Behringer's petition, Hogue's testimony is not newly discovered.  Behringer's counsel interviewed Hogue in June 1994 regarding Hogue's conversations with Rouse.  Indisputably, Behringer knew of the factual basis of his present claim before he filed his amended state habeas application on October 25, 1994 and before he filed his second state habeas application on March 9, 1995.  Behringer's first habeas petition was filed in the district court on May 30, 1995.  None of these state or federal petitions presented the present claim or asserted that he could not do so because Hogue was not willing to provide an affidavit.

IV

On these facts, we cannot find that the district court abused its discretion in denying Rule 60(b) relief.  Further, whatever be the merit of Behringer's present claims regarding the testimony of

3

Hogue, he must assert them in a newly filed habeas petition after exhausting his claim in the state courts. We decide nothing today regarding the merit of this unexhausted claim. The application for stay of execution and certificate of probable cause in this appeal are denied. We decline to consolidate the appeal in this case with the appeal in No. 95-10976.