IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60123
Summary Calendar
_____

In The Matter of: BUTLER INC.,

                                                    Debtor.

EDDIE BUTLER,

                                                    Appellant,

                        versus

MERCHANTS BANK & TRUST CO.,

                                                    Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
1:95-CV-402RR)
_____
August 8, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Eddie Butler again challenges the district

court's affirmance of the bankruptcy court's judgment in favor of

appellee, Merchants Bank & Trust Co. ("Merchants"), in an adversary

proceeding.  We affirm the district court.

Previously, our court dismissed a premature appeal filed by

Butler in this adversary proceeding.  In re Butler, Inc. (Butler v.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Merchants Bank & Trust Co.), 2 F.3d 154 (5th Cir. 1993). We thereafter affirmed on appeal the judgments of the bankruptcy court in favor of Merchants, as affirmed by the district court. In re Butler, Inc. (Butler v. Merchants Bank & Trust Co.), No. 93-7145, slip op. (5th Cir. Dec. 20, 1994) (per curiam), rehearing denied (5th Cir. Jan. 13, 1995). Our court is therefore familiar with the background of Butler's Chapter 11 bankruptcy proceedings and need not repeat that history for the purposes of this opinion.

Having failed in his earlier attempts to set aside the bankruptcy court's judgments, Butler now brings this appeal from the district court's denial of his motions for relief under Fed. R. Civ. P. 60(b)(3) and (6). Butler's briefs on appeal contain a disarray of issues and arguments that appear to challenge generally the district court's dismissal of his appeal from the bankruptcy court's judgment in favor of Merchants. Butler also takes particular issue with (i) the denial of Butler's requests for reconsideration pursuant to Rules 60(b)(3) and (6); and (ii) the district court's refusal to grant Butler a fifth chance at redesignating the bankruptcy record on appeal.

To the extent that Butler is attempting to launch yet another challenge of the judgments against him in the original bankruptcy proceedings, we admonish Butler that our court has already affirmed those judgments. Our ruling on the case that Butler brought before

us earlier was finally settled.  Gulf Coast Bldg. & Supply Co.,
Inc. v. Internat'l Bhd. of Electrical Workers, Local No. 480, AFL-
CIO, 460 F.2d 105, 107-08 (5th Cir. 1972).

With respect to the district court's denial of relief under
Rules 60(b)(3) and (6), we note the narrow scope of appellate
review in Rule 60(b) cases.  Trinity Carton Co., Inc., v. Falstaff
Brewing Corp., 816 F.2d 1066, 1070 (5th Cir. 1987).  Our review is
strictly limited to an abuse of discretion standard, and we can
examine only the district court's action in denying Butler's
motion.  Id.  We cannot review the underlying merits of Butler's
case.  Id.  Having considered the briefs and reviewed the pertinent
parts of the record on appeal, we hold that the district court did
not abuse its discretion in denying Butler's repeated attempts at
postjudgment relief.  We agree with the district court that Butler
failed to (i) comply with the one-year time limitation under Rule
60(b)(3); and (ii) meet the criterion for equitable relief under
Rule 60(b)(6).

Finally, we find no error whatsoever in the district court's
decision to deny Butler a fifth opportunity at redesignating the
bankruptcy record on appeal after the expiration of the filing
deadline in Bankruptcy Rule 8001(a).

Accordingly, the district court's judgment is

A F F I R M E D.[1]

---

[1]Butler is hereby warned that any further abuse of the appellate process with frivolous motions, petitions and appeals will subject him to serious monetary sanctions.