United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

———————————————

No. 04-20737

———————————————

Jay Nolan Renobato,

Plaintiff-Appellant,

versus

Merrill Lynch & Co., Underwriter; Merrill Lynch, Pierce, Fenner and
Smith Inc., Broker Dealer; Merrill Lynch Professional Clearing
Corporation, Clearing Agent,

Defendants-Appellees.

————————————————————————————

Appeal from the United States District Court
For the Southern District of Texas
(No. H-98-0360)

————————————————————————————

Before KING, Chief Judge, and BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In 1998, Jay Nolan Renobato brought an action against Merrill Lynch, alleging various securities law violations. The district court ordered arbitration and stayed the action pending arbitration. The arbitration panel entered an award of $3,900 in favor of Renobato, which the district court subsequently confirmed. Renobato now brings several motions for the purpose of reinstating

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

the same action in the district court. The district court found the motions improperly filed and ordered the district clerk to reject any further papers proffered for filing. We affirm.

I.

In February 1997, *pro se* appellant Jay Nolan Renobato, a resident of Texas, opened a Cash Management Account ("CMA") with Merrill Lynch, Pierce, Fenner and Smith Inc. ("Merrill Lynch"), a Delaware corporation, and later signed a Uniform Submission Agreement, agreeing to arbitrate any matter in connection with the CMA. On September 23, 1997, Renobato filed a claim with the New York Stock Exchange ("NYSE") Department of Arbitration, pursuant to the Uniform Submission Agreement, alleging numerous illegal acts, including most pertinently violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. Apparently dissatisfied with that forum, Renobato filed suit in district court on February 9, 1998, on substantially the same claims. On June 10, 1998, the district court ordered arbitration and stayed all proceedings pending arbitration. In the ensuing months, Renobato filed two Notices of Appeal, seeking to overturn the June 10, 1998, rulings, both of which appeals were summarily dismissed by this court.

The NYSE arbitration panel heard Renobato's claims, and on November 25, 1998, unanimously found in favor of Renobato, awarding him $3,900. *Jay Nolan Renobato v. Merrill Lynch, Pierce, Fenner & Smith, Inc. et al.,* NYSE Docket No. 97-006647. On January 29, 1999, after additional motions by each party, the district court entered a final judgment confirming the arbitration award and awarding post-judgment interest.

More than five years later, on July 2, 2004, Renobato filed numerous motions in the district

2

court, in an attempt to reinstate the long-closed case.[1]  In an order entered August 3, 2004, the district court held that the motions were improperly filed, rejected all of them, and ordered the clerk to return any papers filed in the interim between July 2, 2004, and the date of the order, and to reject any subsequent filings.  In the same order, the district court put the parties on notice that any further filings would subject the offending party to sanctions.  Undeterred, Renobato filed at least six similar motions, objections, and notices, all of which the district court denied.  On September 1, 2004, Renobato timely filed a Notice of Appeal from the district court's August 3, 2004, ruling.

During the pendency of this appeal, Renobato filed numerous frivolous motions: on June 6, 2005, a panel of this court denied no fewer than twenty-three motions by Renobato.  The same panel carried with the case a motion filed by Merrill Lynch, asking for attorney fees or, in the alternative, an appropriate monetary sanction intended to deter Renobato from filing future motions without reasonable inquiry into the state of the law and the facts.

## II.

Because Renobato's Notice of Appeal asks only for a review of the district court's ruling of August 3, 2004, we limit our review to that narrow issue.  Additionally, we take up Merrill Lynch's deferred motions for attorney fees and sanctions against Renobato.

## A.

Renobato's filings are best described as motions for relief from judgment under Rule 60(b)

---

[1] Renobato's brief mentions three entities; we collectively call them Merrill Lynch.  Though Renobato lists "Merrill Lynch Professional Clearing Corporation" as an appellee, Merrill Lynch maintains that no company exists by this name.  The disagreement is immaterial in light of our disposition.

of the Federal Rules of Civil Procedure, and we will treat them as such.[2] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (discussing the "less stringent standards" for *pro se* petitioners than for lawyers); *Perez v. United States*, 312 F.3d 191, 194–95 & n.13 (5th Cir. 2002) (following the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively") (citing *SEC v. AMX Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993)).

The district court rejected Renobato's motions, ordered the clerk to reject any future filings, and warned that sanctions would be awarded if future papers were filed. We review a district court's denial of Rule 60(b) motions for abuse of discretion. *Behringer v. Johnson*, 75 F.3d 189, 190 (5th Cir. 1996) (discussing the standard of review for Rule 60(b)).

Renobato's recent motions sought to open a case that was closed by the district court on January 29, 1999.[3] It is undisputed that the district court intended this order to be a final appealable order, confirming the arbitration award pursuant to 9 U.S.C. § 9.

---

[2] Renobato used various titles for separate filings that often contained virtually identical substance. Some examples of his titles include "Secondary Motion for Reinstatement, Motion for Reconsideration, and Motion for Sentence Re-Examination," "Request for Defendant to Post Bond; Demand for Damages, Reparations, And/Or Lost Profits with Warranted Lien (Claim) Against Defendant's Property and Assets," "Motion to Compel Damage Hearing, Motion for Corrective Procedures, and Motion to Put Sentencing Phase on Expedited Schedule," "Restatement with Legal Translation, with Res Adjudicata [sic] Statement and Proof of Claim Attached," and "Motion for Ruling Declaring Defendant Has No Rights, and Motion to Issue Default Decree Against Defendants."

[3] Renobato's recent spate of filings largely repeats the substance of the claims in his previous case. Essentially, Renobato contends that, instead of $3,900, he should have received enough shares to make him the owner of Automatic Data Processing, a multinational corporation. Since this dispute arises from a small, single transaction, Renobato's claim seems outlandish, yet we need not discuss the intricacies of his argument, as this appeal turns solely on procedural aspects. Furthermore, since this is not a new case, but rather an attempt to re-open an old one, we need not discuss the res judicata effects of the prior trial, though it would seem clear that Renobato is trying to relitigate the same claims that were fully and finally litigated in the prior proceeding.

The Federal Rules of Civil Procedure set out timeframes during which aggrieved parties may seek relief after a final judgment is entered by a district court. A Rule 60(b) motion must be filed within either a one year period or a "reasonable time." FED. R. CIV. P. 60(b). Further, the timeframe to file a Notice of Appeal under Rule 4 of the Federal Rules of Appellate Procedure is 30 days. FED. R. APP. P. 4(a)(1). After January 29, 1999, Renobato failed to timely avail himself of the district court's remedial measures or the appellate process. From the time the district court entered its final judgment until the day that Renobato began his most recent series of filings, 1,981 days lapsed. Clearly, Renobato missed his opportunity to protest the disposition below. The efficient administration of justice does not permit the re-opening of a final judgment after so long a time, especially in light of Renobato's unfounded motions.

B.

During the pendency of this appeal, Merrill Lynch moved for sanctions against Renobato, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, alleging Renobato's appeal was frivolous. FED. R. APP. P. 38. We agree with Merrill Lynch, and grant its motion for Rule 38 sanctions.

An appeal is frivolous if it relies on legal points that are not arguable on the merits. *C&H Nationwide, Inc. v. Norwest Bank Tex. NA*, 208 F.3d 490, 498 (5th Cir. 2000); *Walker v. City of Bogalusa*, 168 F.3d 237, 241 (5th Cir. 1999). Furthermore, a litigant's *pro se* status does not preclude imposition of sanctions. *Lyons v. Sheetz*, 834 F.2d 493, 496 (5th Cir. 1987); *see also Knighten v. C.I.R.*, 702 F.2d 59, 61 (5th Cir. 1983).

While the mere decision to appeal or even an appellant's somewhat exuberant filing strategy normally would not subject an appellant to Rule 38 sanctions, throughout this case Renobato's

5

pattern of behavior—including his delinquency, his violation of the district court's cease-and-desist order, and his repetitive and rambling filings in this court— amounts to an abuse of process that warrants sanction. Furthermore, Renobato was put on notice by the August 3, 2004, ruling of the district court that sanctions might be forthcoming if any additional papers were filed. Nonetheless, he continued to do so, in fact did so the very day following the district court's order banning any further filings.[4] His actions have resulted in waste and delay for this court, the district court, and the appellee, such that we are justified in assessing as sanctions reasonable attorney fees and costs in favor of Merrill Lynch and in assessing double costs. Within ten days following the filing of this opinion, Merrill Lynch shall file an affidavit with this court setting forth its attorney fees and costs resulting from this appeal.

## CONCLUSION

We decide this case not on the underlying substantive issues; those issues were well settled by the district court years ago, and are rightly beyond our purview. Our decision is limited to the narrow issue of whether the district court abused its discretion in entering its order of August 3, 2004, and we hold that it did not. Furthermore, we impose sanctions against Renobato in the form of (i) reasonable attorney fees and costs in favor of Merrill Lynch, to be determined by this court following the filing of an affidavit by Merrill Lynch and any response by Renobato, and (ii) double costs. In the interest of avoiding further frivolous filings with this court, we order the Clerk of Court

---

[4] On August 4, 2004, Renobato filed the following: "Motion to Strike Defendant's Pleas," and "Objection to Third Party Practice in this Reinstated Case, Notice of Attempted Escape, and Motion for Contempt." On August 19, 2004, Renobato filed the following: "Motion to Vacate And/Or Reverse Order of August 3, 2004, And Confirmation of Numerous Conferences [sic] with Respondent," "Notice of Errors Coram Nobis," and "Motion for Stay of 3 August 2004 Order Pending Appeal, Motion for Approval of Supersedas [sic] Bond, and Motion to Grant Injunction of 2 July 2004."

not to accept (and to return) any further filings from Renobato. This order shall apply to all filings except for (i) a response to the affidavit of Merrill Lynch, not to exceed ten pages and to be filed not later than ten days after the date on which Merrill Lynch's affidavit is filed, and (ii) if appropriate, timely filing of a petition for panel rehearing under FED. R. APP. P. 40 or a petition for rehearing en banc under FED. R. APP. P. 35.

AFFIRMED; SANCTIONS ASSESSED; FURTHER FILINGS RESTRICTED.