United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 04-61064
(Summary Calendar)

_____

TROY WADE,

Plaintiff-Appellant,

versus

CHRISTOPHER EPPS, ETC.; ET AL.,

Defendants,

LEE SIMON, Lieutenant, Correctional Supervisor, Unit 24,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Mississippi
USDC No. 4:03-CV-00323

_____

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Troy Wade, a Mississippi state prisoner, sued Lieutenant Lee Simon, a correctional

supervisor, in federal district court asserting that Simon improperly confiscated a television that he

had received by notarized transfer from another inmate.[1]  The district court construed his complaint

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]  Wade also sued Christopher Epps, the Commissioner of Corrections.  After conducting a
*Spears* hearing, the district court dismissed the complaint against Epps, asserting that a superior

as asserting a claim under 42 U.S.C. § 1983 and alleging a violation of his right to due process.[2]

Simon filed a motion to dismiss or for summary judgment, arguing that: (1) prison regulations forbade "giving money or anything of value to (or accepting money or anything of value from) another inmate, a member of his family or any other person without prior written approval"; (2) Wade's only proof of ownership of the television was a document notarized by the prison law library technician stating that another inmate had given Wade a television; (3) the technician did not have the authority to approve a transfer; and (4) Correctional Staff confiscated Wade's television because he could not produce documentary proof of prior written approval. Upon consideration of the motion and Wade's opposition, the magistrate judge recommended that the complaint be dismissed because, *inter alia*, the transfer did not have prior written approval.[3]

Wade filed written objections to the magistrate judge's recommendation of dismissal. He argued that the transfer of the television "was not contested by the Correctional Staff who called [the] Law Library Technician . . . on said day to come to Unit 31 and not[a]rize the transfer" and that

cannot be held liable for the actions of a subordinate under *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). Wade did not timely appeal this dismissal.

[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must show the depravation of a constitutional right by a person acting under color of state law. *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983). Here, Wade alleges that his property was taken without due process of law. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990) ("In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*."); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) ("The hallmark of property . . . is an individual entitlement grounded in state law, which cannot be removed except 'for cause.' ").

[3] There is some question as to whether the television listed as non-allowable property on Simon's incident report is the same as that seized from Wade. There is no dispute, however, that Correctional Staff confiscated a television from Wade.

"Correctional Staff knew of the transfer for three (3) years before confiscating the . . . television." He also claimed that he did not receive a Rules Violation Report ("RVR") or a "non-allowable items receipt" for possession of contraband.

Stating that Wade had not filed objections to the report, the district court adopted the magistrate judge's recommendation and granted Simon's motion for summary judgment. Wade filed a "Petition for Writ of Objection to Final Judgment" asserting that he had filed objections. The court construed Wade's filing as a motion for reconsideration, which it denied despite acknowledging that Wade had, in fact, filed timely objections.

Wade appeals the denial of his motion for reconsideration. We review the denial of a Rule 60(b) motion for abuse of discretion. *Dunn v. Cockrell*, 302 F.3d 491, 492 (5th Cir. 2002). Under this standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion." *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 328 (5th Cir. 1987) (citation omitted). "We examine only the trial judge's action in denying [the] motion; we cannot extend our review to the underlying merits of [the] case." *Trinity Carton Co., Inc. v. Falstaff Brewing Corp.*, 816 F.2d 1066, 1070 (5th Cir. 1987).

The district court granted summary judgment and dismissed the case concluding that Wade had not received written approval before obtaining the television. Although the district court erred when it initially found that Wade had not filed objections to this report, it did not abuse its discretion in denying his motion to reconsider. Nowhere in his pleadings, including his objections, does Wade assert that he received written permission prior to obtaining the television. Furthermore, the only record evidence of the transfer is a notarized document, prepared by inmates, recording an inmate-to-inmate exchange. Notarization, however, is not written approval.

The district court's rejection of Wade's motion for reconsideration was not an abuse of discretion because he failed to demonstrate any error of law or fact establishing that dismissal was completely unwarranted. Accordingly, we AFFIRM.