United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20684
Summary Calendar

LEMUEL ANDERSON,

Plaintiff-Appellant,

versus

PARSONS STATE HOSPITAL & TRAINING CENTER, of Parsons Kansas; HARRIS
COUNTY APPRAISAL DISTRICT; TAXPAYERS FOR EQUAL APPRAISAL OF
HOUSTON, TEXAS

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:05-CV-1257

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

Lemuel Anderson appeals the district court's dismissal of his claims for lack of subject matter

jurisdiction. We must examine the basis of our jurisdiction sua sponte if necessary. *Mosley v. Cozby*,

813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal is necessary for this court to exercise

jurisdiction. *Robbins v. Maggio*, 750 F.2d 405, 408 (5th Cir. 1985). The district court entered final

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment on June 8, 2005. Anderson filed a motion for reconsideration of part of the final judgment on June 20, 2005. Since we construe this motion as a timely Rule 59(e) motion, *see, e.g.*, *Richardson v. Oldham*, 12 F.3d 1373, 1377 & n.9 (5th Cir. 1994), the time for filing a notice of appeal did not begin running until June 22, 2005, the date the district court denied this motion. Anderson filed a subsequent motion for reconsideration on July 6, 2005; whether construed as a second Rule 59(e) motion or a Rule 60(b) motion, this motion does not toll the filing deadlines for a notice of appeal. *See* FED. R. CIV. P. 60(b); *Trinity Carton Co. v. Falstaff Brewing Corp.*, 816 F.2d 1066, 1069 (5th Cir. 1987) ("A motion to reconsider an order disposing of a motion of the kind enumerated in Rule 4(a) [of the Federal Rules of Appellate Procedure] does not again terminate the running of the time for appeal.") (internal quotation omitted). *See generally Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665 (5th Cir. 1986). Anderson filed his notice of appeal on August 8, 2005, which is not within the thirty day time limit for filing an appeal in a civil case. FED. R. APP. P. 4(a)(1)(A). As such, this court is without jurisdiction to consider Anderson's appeal. Accordingly, the appeal is DISMISSED for lack of jurisdiction.