United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-10901
Summary Calendar

THOMAS WHATLEY,

Plaintiff-Appellant,

v.

ALLSTATE TEXAS LLOYD'S,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-815

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff Thomas Whatley ("Whatley") filed suit against Allstate Texas Lloyd's ("Allstate") in September of 2004 alleging damages arising from a homeowner's insurance dispute. Allstate removed the case on November 4, 2004. On January 6, 2006, the court entered an order dismissing the case without prejudice for lack of prosecution. The court based its order on the fact that the parties failed to adequately respond to an earlier show-cause order. Accordingly, also on January 6, 2006, final judgment was entered,

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

dismissing the action. Whatley appeals. Without reaching the merits of the appeal, we conclude that Whatley's notice of appeal was untimley, and dismiss for want of jurisdiction.

After the court dismissed the action on January 6, 2006, Whatley filed a Motion for Relief from Judgment. The court denied his motion by written order on May 15, 2006. Whatley then filed a Motion to Reconsider the court's ruling on May 25, 2006. On July 18, 2006, the court denied that motion. Whatley filed his Notice of Appeal on August 17, 2006. Allstate argues the Notice of Appeal was not timely. We agree.

A Notice of Appeal generally must be filed within thirty days after the entry of judgment. FED. R. APP. P. 4(a)(1)(A). However, when the appealing party files a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b), the thirty-day period for appeal does not begin to run until after the court has ruled on that motion.[1] *Id*. at 4(a)(4)(A)(vi).

Whatley's notice of appeal, filed on August 17, 2006, was untimely if measured from the May 15, 2006 order denying his Motion for Relief from Judgment. However it would be timely if measured from the July 18, 2006 order denying his Motion to

---

[1]It is unclear whether Whatley's initial motion was based on Rule 59(b) or on Rule 60(b). The district court treated it as a Rule 60(b) motion for Relief from Judgment on the basis of inadvertence or excusable neglect. *See* FED. R. CIV. P. 60(b). Even if the motion was styled as a Rule 59(b) Motion to Amend the Judgment, as Whatley has asserted, it would still have tolled the thirty-day appeal period. *See* FED. R. APP. P. 4(a)(4)(A)(iv).

Reconsider. The issue presented in this case is whether the thirty-day period for appeal began to run on the date Whatley's Motion for Relief from Judgment was denied, or whether that period was further tolled by his Motion to Reconsider.

"A motion to reconsider an order disposing of a motion of the kind enumerated in Rule 4(a) does not again terminate the running of the time for appeal." *Trinity Carton Co. v. Falstaff Brewing Corp.*, 816 F.2d 1066, 1070 (5th Cir. 1987) (internal quotation marks omitted); *Charles L.M. v. Northeast Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989) (holding that a motion to reconsider based upon substantially the same grounds as urged in the earlier motion does not interrupt the running of time for appeal). A leading treatise puts it this way: "If a motion listed in Rule 4(a)(4) is made, and the time for appeal is extended, a motion to reconsider the district court's denial of the motion does not suspend further the running of the appeal periods; the losing party is entitled to only one suspension." 16A Wright, Miller & Cooper, Federal Practice and Procedure § 3950.4, at 198 (3d ed. 1999).

Based on this rule, the thirty-day appeal period began to run on May 15, 2006, when the court entered an order denying Whatley's motion for Relief from Judgment. Further, the thirty-day period was not tolled as a result of Whatley's Motion to Reconsider. Whatley's Notice of Appeal, filed on August 17, 2006--more than thirty days after the appeal period began--was not timely. As a result this

3

Court lacks jurisdiction, and must dismiss. *Moody Nat. Bank of Galveston v. GE Life and Annuity Assur. Co.*, 383 F.3d 249, 250 (5th Cir. 2004).

**DISMISSED.**