IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-60574
Summary Calendar

KEVIN TERRENCE DAVIS

Plaintiff-Appellant

v.

RONALD KING

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:03-CV-891

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:*

In 1999, Plaintiff-Appellant Kevin Terrence Davis, Mississippi prisoner #
R8777, was convicted of burglary of a dwelling, rape, armed robbery, and
aggravated assault. He seeks a certificate of appealability (COA) following the
district court's dismissal with prejudice of his 28 U.S.C. § 2254 petition and the
denial of his post-judgment motions to reopen, to reinstate, and for
reconsideration.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Davis's notice of appeal was timely only as to the denial of his motion for reconsideration. See FED. R. CIV. P. 59(e) and 60(b); FED. R. APP. P. 4(a); Trinity Carton Co. v. Falstaff Brewing Corp., 816 F.2d 1066, 1069 (5th Cir. 1987); Eleby v. Amer. Med. Sys., Inc., 795 F.2d 411, 412 (5th Cir. 1986). Accordingly, his appeal from the dismissal of his § 2254 petition and the denial of his motions to reopen and reinstate are dismissed for lack of jurisdiction. See FED. R. APP. P. 4(a); Bowles v. Russell, 127 S. Ct. 2360, 2364 (2007). We shall not consider any argument that Davis attempts to incorporate by reference to his district court pleadings. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)

As Davis was not attempting to use his motion for reconsideration to alter the judgment in his underlying habeas petition, but instead attempting to vacate the judgment and have it reentered so that he could file a timely notice of appeal, a COA is not necessary. See Canales v. Quarterman, 507 F.3d 884, 888 (5th Cir. 2007); Dunn v. Cockrell, 302 F.3d 491, 492 & n.1 (5th Cir. 2002); 28 U.S.C. § 2253(c)(1). Davis's motion for a COA is therefore denied as unnecessary.

Finally, the district court did not abuse its discretion in denying Davis's motion for reconsideration of the denials of his motions to reopen and to reinstate his habeas case. See Behringer v. Johnson, 75 F.3d 189, 190 (5th Cir.1996); Midland West Corp. v. F.D.I.C., 911 F.2d 1141, 1145 (5th Cir.1990). In his motions to reopen and to reinstate, Davis had argued that the time to appeal the dismissal of his § 2254 petition should be extended because the district court sent his copy of the final judgment to an old address. He asserted that he had been unable to update his address with the court because he was unaware that the address for the facility where he was housed had changed.

In a civil case, the only way to extend the time for filing a notice of appeal is via FED. R. APP. P. 4(a)(5) or (6). Davis did not meet the requirement for extending his time to appeal under Rule 4(a)(5). See Rule 4(a)(5)(A)(I). Moreover, even if Davis's motion to reopen had met all requirements of Rule

4(a)(6), including the no-prejudice requirement of Rule 4(a)(6)(C), the district court could, in its discretion, deny his motion to reopen. See In re Jones, 970 F.2d 36, 39 (5th Cir. 1992). As it was Davis's responsibility to update his address with the district court and he failed to do so, the district court did not abuse its discretion in denying Davis's motion for reconsideration of his motions to reopen and to reinstate his case.

In his motion for reconsideration, Davis insists that the district court should have taken judicial notice of his new address on an April 21, 2007, "Forensic Drug Testing Custody and Control Form." That contention has been abandoned on appeal. See Yohey, 985 F.2d at 225. A large part of Davis's appellate brief is devoted to applying the facts of his case to the five-factor test developed by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Ltd. Partnership, 507 U.S. 380, 395 (1993), to determine whether a late filing resulted from "excusable neglect." The Pioneer case is inapplicable to Davis's motion to reconsider the denials of his motions to reopen and to reinstate his case because the term "excusable neglect" is used only in Rule 4(a)(5), not Rule 4(a)(6); and, as noted above, Rule 4(a)(5) is inapplicable in this case. As the district court did not abuse its discretion in denying Davis's motion for reconsideration, the denial of that motion is affirmed.

COA DENIED AS UNNECESSARY; APPEAL DISMISSED IN PART, JUDGMENT AFFIRMED IN PART.