# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-20510

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2015

Lyle W. Cayce
Clerk

LAWRENCE EDWARD THOMPSON,

Plaintiff-Appellant

v.

ADRIAN GARCIA; UNKNOWN BUILDING MAJOR; SERGEANT LEACHMAN,

Defendants-Appellees

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3212

————

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lawrence Edward Thompson, Texas prisoner # 155240, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint pursuant to the three-strikes provision of 28 U.S.C. § 1915(g), the denial of his motion for relief from judgment, and his subsequent motion for reconsideration of the denial of the motion for relief from judgment. Thompson's notice of appeal was timely only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20510

as to the denial of his motion for reconsideration.  *See* FED. R. CIV. P. 59(e) and 60(b); FED. R. APP. P. 4(a); *Trinity Carton Co. v. Falstaff Brewing Corp.*, 816 F.2d 1066, 1069 (5th Cir. 1987).  Accordingly, insofar as Thompson is appealing from the dismissal of his § 1983 complaint and his appeal of the denial of his motion for relief from judgment, we lack jurisdiction.  *See* FED. R. APP. P. 4(a); *Bowles v. Russell*, 127 S. Ct. 2360, 2364 (2007).

Although we have jurisdiction to consider Thompson's appeal from the district court's denial of his motion for reconsideration, that appeal is frivolous. Under § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if he has, on three or more occasions during his incarceration, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.  Thompson has failed to demonstrate that he was under imminent danger of serious physical injury at the time that he sought to file his complaint in the district court, proceed with his appeal, or move to proceed IFP.  *See* § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Accordingly, Thompson's motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED in part for lack of jurisdiction, *Bowles*, 127 S. Ct. at 2364, and in part as frivolous, *see* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).