# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2022

Lyle W. Cayce
Clerk

No. 21-40423
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS ARCADIO CERON MUNOZ, *also known as* COMPA, *also known as* PASTUSO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-295-6

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Jesus Arcadio Ceron Munoz, federal prisoner # 26387-078, moves for leave to proceed in forma pauperis (IFP) on appeal. The district court denied his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40423

also denied his motion to reconsider that ruling. Ceron Munoz contends that the district court erred in denying compassionate release and reconsideration because (1) the court relied on the policy statement in U.S.S.G. § 1B1.13 and also relied on 18 U.S.C. § 3553(a) in assessing his entitlement to compassionate release and (2) the conditions at his facility with respect to COVID-19 coupled with his debilitating chronic illnesses warrants compassionate release.

To proceed IFP on appeal, Ceron Munoz must present, *inter alia*, a nonfrivolous argument that the district court abused its discretion by denying his motion to reconsider its denial of compassionate release. *See Jackson v. Dall. Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). An issue is nonfrivolous if it is arguable on its merits. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Ceron Munoz fails to identify a nonfrivolous basis for the challenging the denial of compassionate release. *See Ward v. United States*, 11 F.4th 354, 359-62 (5th Cir. 2021); *see also Howard*, 707 F.2d at 220. Similarly, Ceron Munoz fails to show that the district court arguably abused its discretion by denying his motion to reconsider that ruling. *See United States v. O'Keefe*, 128 F.3d 885, 892 (5th Cir. 1997); *Behringer v. Johnson*, 75 F.3d 189, 190 (5th Cir. 1996); *see also Howard*, 707 F.2d at 220.

We DISMISS Ceron Munoz's appeal as frivolous and DENY the motion to proceed IFP on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.