# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2025

Lyle W. Cayce
Clerk

No. 24-40142
Summary Calendar

Curtis Smith,

*Petitioner—Appellant*,

*versus*

FCI Texarkana Warden,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:20-CV-116

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Curtis Smith[1] appeals (1) the dismissal of his 28 U.S.C. § 2241 petition challenging the validity of his convictions and armed career criminal sentences for possessing a firearm as a felon and possessing a controlled dangerous substance with intent to distribute and (2) the denial of his related postjudgment motion for reconsideration, which the district court construed

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Bureau of Prisons register number 19000-424.

as a motion under Federal Rule of Civil Procedure 60(b).    We lack jurisdiction to review the dismissal of Smith's § 2241 petition because Smith failed to file a timely notice of appeal from that judgment, *see Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 19-20 (2017); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987), and Smith's timely appeal of the denial of his Rule 60(b) motion does not bring up the underlying § 2241 judgment for review, *see Banister v. Davis*, 590 U.S. 504, 520 (2020).

Contrary to Smith's contentions, the district court properly construed his postjudgment motion for reconsideration as a motion under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). We review the denial of a Rule 60(b) motion for abuse of discretion. *Behringer v. Johnson*, 75 F.3d 189, 190 (5th Cir. 1996).

In denying Rule 60(b) relief, the district court determined that Smith could not challenge his convictions under § 2241, in lieu of filing a successive 28 U.S.C. § 2255 motion, because he failed to show that a remedy under § 2255 was inadequate or ineffective to test the legality of the challenged judgments. *See* 28 U.S.C. § 2255(e).  In order to proceed under § 2241, Smith had to show that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).

Smith fails to show an abuse of discretion. *See Behringer*, 75 F.3d at 190.  He invokes three Supreme Court decisions that he asserts that are "retroactively applicable"—*Brady v. Maryland*, 373 U.S. 83 (1963); *California v. Trombetta*, 467 U.S. 479 (1984); and *Arizona v. Youngblood*, 488 U.S. 51 (1994).  However, he does not explain how unusual circumstances made it impossible or impracticable for him to seek relief under § 2255 based on those cases, which each predate his conviction by more than a decade. *See Jones*, 599 U.S. at 478.  Nor does Smith otherwise cite unusual circumstances

2

No. 24-40142

that make it impossible or impracticable for him to seek relief from his sentence under § 2255.

The order denying Smith's Rule 60(b) motion is AFFIRMED.