# United States Court of Appeals for the Fifth Circuit

No. 25-30715
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2026

Lyle W. Cayce
Clerk

John Poullard,

*Plaintiff—Appellant*,

*versus*

Anya Guillory, *Manager*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:25-CV-744

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant John Poullard, appearing pro se and in forma pauperis, claims a $190 loan he borrowed from America Cash Advance is a legal nullity and that dunning letters from America Cash Advance's employee, Defendant-Appellee Anya Guillory, violated various federal laws. The district court concluded the claims were frivolous and dismissed with

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30715

prejudice pursuant to 28 U.S.C. § 1915.[1] While that assessment is well-taken, there is a complicating factor: Poullard filed a late appeal after several post-judgment motions, so we must determine whether we have jurisdiction to review any of the district court's rulings.[2] In the end, we conclude that appellate review is largely foreclosed, so we AFFIRM IN PART, DISMISS IN PART, and WARN Poullard against future frivolous filings.

For jurisdiction to attach, a civil litigant must normally appeal within 30 days of a final judgment.[3] The final judgment in this case entered on September 26, 2025, but Poullard did not appeal for another 66 days, on December 1, 2025. On its face, Poullard's appeal came 36 days too late. But certain post-judgment motions enumerated in Rule of Appellate Procedure 4(a)(4) can pause the 30-day deadline to file an appeal. If filed within 28 days of judgment, these motions put the clock on hold until they are resolved, at which point the 30-day period runs anew.[4]

Poullard filed multiple post-judgment motions after the September 26 dismissal—a motion to strike the defendant's Rule 12(b)(6) motion (filed September 29; denied October 3); a motion to amend his complaint (filed October 6; denied October 22); a motion to vacate the final judgment (filed

---

[1] *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring district courts to dismiss complaint filed in forma pauperis if "frivolous or malicious").

[2] *See Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999) ("We must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, *sua sponte* if necessary.").

[3] *See* 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a)(1)(A); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 386 (5th Cir. 1978) ("The time limits placed by Rule 4(a) on the right of appeal are mandatory and jurisdictional.").

[4] *See* FED. R. APP. P. 4(a)(4)(A)(i)–(vi) (stating rule and identifying qualifying motions); FED. R. CIV. P. 50(b), 52(b), 59(e) (establishing deadline to file within 28 days of judgment); *Charles L. M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989).

No. 25-30715

October 14, denied October 22); and a motion for reconsideration of the October 22 denial of the motion to vacate (filed November 4, denied November 6). Our task is to decide whether any of these motions, in conjunction with appellate Rule 4(a)(4), extended his time to appeal through December 1.

We conclude none of Poullard's motions extended the appellate window to December 1. Rule 4(a)(4) imposes two requirements before one of its enumerated motions can suspend the time to appeal: (1) the motion must be filed within 28 days of judgment *and* (2) a notice of appeal must be filed within 30 days of the motion's resolution. None of Poullard's post-judgment motions satisfies both. The motions to strike and to amend do not qualify as Rule 4(a)(4) motions. And while the motion to vacate could be liberally construed as a Rule 4(a)(4) motion, it was denied on October 22 and the appellate window closed 30 days later, on November 21.[5] Poullard did not notice his appeal for another ten days which, by then, was too late. That untimely appeal means we lack jurisdiction to review the district court's dispositive rulings—the September 26 judgment of dismissal and October 22 denial of reconsideration of that judgment.

Indeed, the only ruling that falls within 30 days of Poullard's December 1 appeal is the November 6 denial of the November 4 motion for reconsideration. With jurisdiction established as to the November 6 ruling, we must identify the nature of the underlying motion to determine the standard of review. Poullard characterized the November 4 motion as a Rule 59(e) motion, but we disagree with this characterization: it was filed more

_____

[5] Nor can Poullard "stack" the suspensive effects of Rule 4(a)(4) motions by serially seeking reconsideration. "A motion to reconsider an order disposing of a motion of the kind enumerated in Rule 4(a) does not again terminate the running of the time for appeal." *Wansor v. George Hantscho Co.*, Inc., 570 F.2d 1202, 1206 (5th Cir. 1978).

than 28 days after final judgment and merely sought reconsideration of a denial of reconsideration, which the rules don't countenance.[6] If Poullard were represented by counsel, our inquiry might end there. But because he is pro se, we must liberally construe his pleadings.[7] To that end, we recharacterize his November 4 motion as a Rule 60(b) motion independent of the district court's final judgment.[8]

Our review of this type of motion is exceedingly narrow. "We may set aside a denial of relief only for abuse of discretion and '[i]t is not enough that the granting of relief might have been permissible, or ever warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion.'"[9] Poullard does not brief this standard or Rule 60(b), and we cannot supply what his briefs entirely omit. Nor would it matter if we could—his suit, post-judgment motions, and appellate briefs are patently frivolous, and the district court acted well within its discretion when it denied the November 4 motion. We thus AFFIRM the district court's ruling of November 6, 2025, and otherwise DISMISS the appeal for want of jurisdiction.

---

[6] *See Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) ("The federal rules do not provide for a motion requesting a reconsideration of a denial of a reconsideration."); FED. R. CIV. P. 59(e) (setting deadline for motion "no later than 28 days after the entry of the judgment.").

[7] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

[8] *See Benson*, 575 F.3d at 547 (assuming that an improperly successive Rule 59(e) motion could be transformed into a Rule 60(b) motion); *see also Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc) (per curiam).

[9] *Trinity Carton Co., Inc. v. Falstaff Brewing Corp.*, 816 F.2d 1066, 1070 (5th Cir. 1987) (per curiam) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (emphasis in original)).

No. 25-30715

We also observe that Poullard has a long history of abusive litigation, which has drawn sanctions from multiple federal courts, including this one. Because this latest suit and appeal are also frivolous, Poullard is WARNED that future frivolous, repetitive, or abusive filings will result in sanctions, up to and including dismissal, monetary penalties, and filing restrictions in this court and any court subject to this court's jurisdiction.

AFFIRMED IN PART, DISMISSED IN PART, SANCTION WARNING ISSUED.