# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2021

Lyle W. Cayce
Clerk

No. 20-30767

IN RE: IN THE MATTER OF BONVILLIAN MARINE SERVICE,
INCORPORATED, AS OWNER AND OPERATOR OF THE M/V MISS
APRIL IN A CAUSE OF ACTION FOR EXONERATION FROM OR
LIMITATION OF LIABILITY

_____

BONVILLIAN MARINE SERVICE, INCORPORATED,

*Plaintiff—Appellant*,

*versus*

DANA LEBOUEF PELLEGRIN; JUNIOR JOSEPH PELLEGRIN, JR.;
BAYWATER DRILLING, L.L.C.,

*Claimants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-14651

Before BARKSDALE, ENGELHARDT, and OLDHAM, *Circuit Judges*.
KURT D. ENGELHARDT, *Circuit Judge*:

The Limitation of Liability Act of 1851 provides vessel owners like
Appellant Bonvillian Marine Service a means of limiting their vessel's tort
liability to the value of the vessel plus pending freight. *See* 46 U.S.C.

§§ 30501–30512. Section 30511(a) of the Act requires vessel owners to "bring a civil action in a district court of the United States for limitation of liability . . . within 6 months after a claimant gives the owner written notice of a claim."

After finding Bonvillian's action untimely under § 30511(a), the district court applied our precedent that "a challenge to the timeliness of a limitation action is a challenge to subject matter jurisdiction" and dismissed the action for lack of subject matter jurisdiction. *See In re Bonvillian Marine Serv., Inc.*, 502 F. Supp. 3d 1078, 1083–84, 1088 (E.D. La. 2020) (citing *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 315–16 (5th Cir. 2012)).

The district court was not free to overturn the rule we announced in *Eckstein*. Because subsequent Supreme Court decisions have effected an intervening change in the law that warrants a change in course, we overturn the *Eckstein* rule today and REVERSE the district court's adept decision accordingly.

I.

On January 19, 2019, a vessel belonging to Bonvillian allided with the M/V MISS SADIE ELIZABETH, a crew boat docked on the Mississippi River near Port Sulphur, Louisiana. MISS SADIE ELIZABETH crew member and Appellee Junior Joseph Pellegrin, Jr., sustained a variety of personal injuries in the allision. On August 23, 2019, Pellegrin sued Bonvillian in Louisiana state court. On December 16, 2019, Bonvillian filed a verified limitation complaint in the Eastern District of Louisiana. Baywater Drilling, LLC, the owner of the MISS SADIE ELIZABETH and Pellegrin's co-Appellee, moved to dismiss Bonvillian's action for lack of subject matter jurisdiction.

Baywater's argument for Federal Rule of Civil Procedure 12(b)(1) dismissal was straightforward: because Bonvillian filed its limitation action

more than six months after receiving written notice of a claim with a reasonable probability of exceeding the value of its vessel,[1] its action was untimely under 46 U.S.C. § 30511(a) (requiring a limitation action to "be brought within 6 months after a claimant gives the [vessel] owner written notice of a claim"); and, because Bonvillian's action was untimely, the district court lacked subject matter jurisdiction under the Fifth Circuit rule announced in *In re Eckstein Marine Service L.L.C.*, in which a prior panel of this court observed that "[t]his circuit, like several other courts, has held that a party alleging a limitation petition was not timely filed challenges the district court's subject matter jurisdiction over that petition." 672 F.3d at 315 ("While many statutory filing deadlines are not jurisdictional, we have long recognized that some are. The Limitation Act's six-month filing requirement is one of these." (footnote omitted)).

The district court heard argument on Baywater's motion to dismiss and concluded: (1) that Bonvillian's action was indeed untimely under § 30511(a); (2) that the Fifth Circuit's *Eckstein* rule remained controlling (despite Bonvillian's contention that the Supreme Court implicitly overruled *Eckstein* in the 2015 case of *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015)); and (3) that, as a result, the court lacked subject matter jurisdiction.

The district court applied the *Eckstein* rule correctly in this regard, but as explained below, we now overturn that rule.

---

[1] The factual grounds for Baywater's Rule 12(b)(1) motion are hotly contested by the parties, but because we remand on pure legal grounds, we refrain from discussing the parties' factual disputes over the agency of Bonvillian's claims adjuster and the likely value of the claims against Bonvillian.

No. 20-30767

## II.

This case requires us to determine as a threshold matter whether to maintain and apply the rule this court announced in *Eckstein* (as the Appellees urge) or to adopt a rule that is better suited to the Supreme Court's intervening pronouncements in *Kwai Fun Wong* and related cases (as Bonvillian urges). Since the central issue is the interplay between *Eckstein* and *Kwai Fun Wong*, we begin with a brief introduction of those cases.

### A.

In *Eckstein* in 2012, a panel of this court confronted a similar set of facts in reviewing a district court's Rule 12(b)(1) dismissal of a vessel owner's untimely limitation action. *See* 672 F.3d 310. In response to the appellant vessel owner's argument that timeliness under the Limitation Act "is not a jurisdictional issue," the *Eckstein* panel officially categorized "[t]he Limitation Act's six-month filing requirement" as a statutory filing deadline that *is* jurisdictional, as opposed to "many statutory filing deadlines [that] are not." *Id.* at 315 (citing *In re Tom-Mac, Inc.*, 76 F.3d 678, 682 (5th Cir. 1996) ("In their motion to dismiss, Claimants asserted that Tom-Mac's limitation of liability action was not timely filed, thus challenging the district court's jurisdiction to hear Tom-Mac's petition.")).

In the nine years since, *Eckstein* has been cited for this particular rule of law in just two Fifth Circuit cases. The lone published[2] decision citing *Eckstein* for the proposition that the Limitation Act's timeliness requirement is jurisdictional is *In re RLB Contracting, Inc.*, 773 F.3d 596, 601 (5th Cir. 2014) (per curiam) ("A party who contends that a limitation action was not

---

[2] 5TH CIRCUIT RULE 47.5 provides that unpublished opinions of this court are not precedent except under the limited—and in this scenario, inapplicable—circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

timely filed challenges the district court's subject matter jurisdiction.").[3] The second and final Fifth Circuit case citing *Eckstein* for the rule at issue is our unpublished decision in *In re Marquette Transportation Co.*, 524 F. App'x 989, 991 (5th Cir. 2013) (per curiam) ("We review de novo the district court[']s ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), including the determination as to whether the limitation action was timely filed.").

The district court here correctly found itself bound by the rule we set forth in *Eckstein* and restated in *RLB Contracting*, but the Supreme Court's intervening decision in *Kwai Fun Wong*—which postdated both *Eckstein* and *RLB Contracting*—makes clear that our rule has fallen out of step with the Supreme Court's most recent jurisprudence on the jurisdictional import of statutory "procedural rules" like § 30511(a)'s time bar.

B.

In *United States v. Kwai Fun Wong*, the Supreme Court deemed time limitations in the Federal Tort Claims Act (FTCA) *non*jurisdictional and reiterated a burgeoning "clear statement" rule for interpreting statutory procedural rules in general. As relevant here, the Court observed that given the "harsh consequences" of deeming such a rule jurisdictional, "procedural rules, including time bars, cabin a court's power only if Congress has 'clearly state[d]' as much." 575 U.S. at 409 (alteration in original) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013)); *see also id.* at 409–10 ("Absent such a clear statement, courts should treat [a] restriction as nonjurisdictional. That does not mean Congress must incant magic words.

---

[3] *RLB Contracting*, in turn, has been cited for the rule at issue just once—in the unpublished case of *In re Brown*, 766 F. App'x 30, 33 (5th Cir. 2019) ("We treat [§ 30511(a)'s] time limit as a jurisdictional requirement subject to our de novo review.").

But traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." (cleaned up)). Thus, the Court noted, "even when [a] time limit is important (most are) and even when it is framed in mandatory terms (again, most are)," it should—absent a clear statement by Congress—be deemed nonjurisdictional. *Id.* at 410. In keeping with this clear statement rule, "[t]ime and again" the Supreme Court has described filing deadlines like the one set forth in § 30511(a) as "'quintessential claim-processing rules,' which 'seek to promote the orderly progress of litigation,' but do not deprive a court of authority to hear a case." *Id.* (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

*Kwai Fun Wong* was not the first case in which the Supreme Court applied a clear statement rule to distinguish jurisdictional procedural rules from nonjurisdictional ones, but Bonvillian contends that *Kwai Fun Wong* bears special importance here because our court's *Eckstein* panel drew significant support for its ruling from a Fifth Circuit case that *Kwai Fun Wong* directly abrogated—namely, *In re FEMA Trailer Formaldehyde Products Liability Litigation*, in which this court deemed the FTCA's similar filing deadline jurisdictional. *See* 646 F.3d 185, 189 (5th Cir. 2011), *abrogated by Kwai Fun Wong*, 575 U.S. 402.

Bonvillian is correct that *Kwai Fun Wong* is particularly salient here. As Bonvillian correctly observes, *FEMA Trailer* was indeed a logical linchpin of the *Eckstein* panel's decision to stick with "this Circuit's prior conclusion that the Limitation Act's six-month filing deadline is a jurisdictional requirement" in spite of the Supreme Court's "recent[] conclu[sion] that many filing deadlines are probably not jurisdictional." *See Eckstein*, 672 F.3d at 315 n.12. With greatest respect to the *Eckstein* panel, none of the four citations accompanying *FEMA Trailer* in *Eckstein*'s footnote 12—the footnote containing the *Eckstein* panel's citations and rationale for the rule in

question—are of comparable value in supporting the rule the *Eckstein* panel chose to reassert.[4] It is thus correct to regard *FEMA Trailer* as a cornerstone of the *Eckstein* rule Bonvillian asks us to overturn in light of new legal developments.

Those legal developments leave our Circuit today in a quandary: the Supreme Court's 2015 decision in *Kwai Fun Wong* both (1) repeats a clear statement rule that our *Eckstein* panel did not apply in stating the rule at issue, and (2) abrogates the Fifth Circuit decision on which our *Eckstein* panel *did* principally rely in continuing to assume that the Limitation Act's six-month filing requirement is jurisdictional in nature. For these reasons, the *Eckstein* rule is ripe for revisitation—if the rule of orderliness allows it.

## III.

"It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). This rule is strict and rigidly applied. Thus, "for a Supreme Court decision to change our Circuit's law, it 'must be more than merely illuminating with respect to the case before [the court]' and must 'unequivocally' overrule prior precedent." *Tech. Automation Servs. Corp. v.*

---

[4] The three cases immediately following *FEMA Trailer* in *Eckstein* footnote 12—namely, this court's unpublished decisions in *Khan v. Gonzales*, 223 F. App'x 417 (5th Cir. 2007) (per curiam), and *Anderson v. Parsons State Hospital & Training Center*, 180 F. App'x 514 (5th Cir. 2006) (per curiam), and the Supreme Court's habeas corpus decision in *Bowles v. Russell*, 551 U.S. 205 (2007)—are decisions concerning statutory deadlines for *appeals* (which are *classically*, and unquestionably, jurisdictional in nature). A fourth and final citation—referencing the Supreme Court's statement in *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428 (2011) that *Bowles* "did not hold categorically that every deadline for seeking judicial review in civil litigation is jurisdictional"—is a catch-all that merely confirms that the *Eckstein* rule has not been categorically ruled *out*.

*Liberty Surplus Ins. Corp.*, 673 F.3d 399, 405 (5th Cir. 2012) (alteration in original) (quoting *Martin v. Medtronic, Inc.*, 254 F.3d 573, 577 (5th Cir. 2001)). Whether an intervening Supreme Court decision "merely illuminates" or "unequivocally overrules" is a judgment call—there is no hard-and-fast requirement, for instance, that a Supreme Court decision explicitly overrule the circuit precedent at issue, or specifically address the precise question of law at issue. Rather, a latter panel must simply determine that a former panel's decision has fallen unequivocally out of step with some intervening change in the law.[5] As we observed in a similar context,

> Whether a Supreme Court decision implicitly overrules a prior Fifth Circuit decision depends on context. That two decisions involve different statutes is not dispositive. Sometimes a Supreme Court decision involving one statute implicitly overrules our precedent involving another statute. Sometimes it does not. The overriding consideration is the similarity of the issues decided.

*Gahagan v. U.S. Citizenship & Immigr. Servs.*, 911 F.3d 298, 302–03 (5th Cir. 2018) (footnote omitted) (citations omitted).

In basic terms, then, a "Fifth Circuit precedent is implicitly overruled if a subsequent Supreme Court opinion 'establishes a rule of law inconsistent with' that precedent." *Id.* at 302 (quoting *Gonzalez v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010)). One situation in which this may naturally occur is "where 'an intervening Supreme Court decision fundamentally change[s] the focus' of the relevant analysis." *Acosta v. Hensel Phelps Constr. Co.*, 909

---

[5] When this occurs, the latter panel has both "the authority and *obligation* to declare and implement [the] change in the law" it perceives. *United States v. Tanksley*, 848 F.3d 347, 350 (5th Cir. 2017) (emphasis added).

No. 20-30767

F.3d 723, 742 (5th Cir. 2018) (alteration in original) (quoting *Robinson v. J & K Admin. Mgmt. Servs., Inc.*, 817 F.3d 193, 197 (5th Cir. 2016)).

That, we hold, is the circumstance here. The Supreme Court's jurisprudence on the jurisdictional significance of statutory procedural rules "fundamentally changes" the analysis this court must perform in determining whether § 30511(a)'s six-month filing requirement imposes a jurisdictional barrier to suit or a mere claim-processing rule. As such, whereas the *Eckstein* panel largely assumed—by citation to a prior panel's unsupported assumption in *Tom-Mac*,[6] and by analogy to this court's since-abrogated interpretation of the *FTCA*'s statute of limitations[7]—that a limitation action's untimeliness deprives a district court of jurisdiction, *this* panel has been instructed in *Kwai Fun Wong* and other intervening cases that the essential hallmark of a *jurisdictional* procedural rule is a clear congressional statement, which is nowhere to be found in the Limitation Act.

Put simply, it is doubtful that the *Eckstein* panel today would conclude that the Limitation Act's six-month filing requirement imposes a jurisdictional bar to suit. Indeed, as the Eleventh Circuit noted as the first court of appeals to interpret § 30511(a)'s time bar in the time since *Kwai Fun Wong*, there is "'no clear textual indication' that § 30511(a)'s six-month time bar 'was intended to limit courts' subject matter jurisdiction' . . . because, in short, [§ 30511(a)] does nothing 'special, beyond setting an exception-free deadline.'" *See Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1329

---

[6] Because the 1996 *Tom-Mac* panel provided no citation for its statement that the claimants challenged the district court's *jurisdiction* by asserting that the vessel owner's limitation action was untimely, it is unclear where the panel drew that notion from (or its pedigree in this Circuit, to whatever extent that may be relevant). *See Tom-Mac*, 76 F.3d at 682.

[7] *See Eckstein*, 672 F.3d at 315 n.12 (citing *FEMA Trailer*, 646 F.3d at 189).

(11th Cir. 2019) (first quoting *Sec'y v. Preston*, 873 F.3d 877, 882 (11th Cir. 2017); then quoting *Kwai Fun Wong*, 575 U.S. at 410).

The Eleventh Circuit is correct. Section 30511(a) "speaks only to a claim's timeliness, not to a court's power."[8] *Cf. Kwai Fun Wong*, 575 U.S. at 410. Its mandatory phrasing makes no explicit reference to (much less any clear statement regarding) jurisdiction.[9] And its location within the United States Code—"among provisions that describe the standards and procedures that govern the cause of action . . . and (well) away from those that allocate jurisdiction," *Orion*, 918 F.3d at 1329—further counsels against "imbu[ing]" its "procedural bar with jurisdictional consequences." *Cf. Kwai Fun Wong*, 575 U.S. at 410.

Consequently, the *Eckstein* rule clearly runs afoul of *Kwai Fun Wong* and its family of Supreme Court cases, and this panel is behooved to adjust our Circuit's stance accordingly. *See, e.g.*, *Gahagan*, 911 F.3d at 302–03 (subsequent panel may depart from prior panel's decision where intervening Supreme Court pronouncement requires it to do so); *United States v. Tanksley*, 848 F.3d 347, 350 (5th Cir. 2017) (subsequent panel has *obligation* to declare and implement perceived change in law).

---

[8] In full, § 30511(a) provides as follows: "The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after a claimant gives the owner written notice of the claim."

[9] Several statutory rules featuring far more strenuous language than § 30511(a)'s relatively tepid time bar have been deemed nonjurisdictional by the Supreme Court. Indeed, under the strict test announced in *Kwai Fun Wong* and related cases, "Not even sweeping proscriptions like 'no action shall be brought' and 'shall be forever barred' [have been held to] do the trick." *Orion*, 918 F.3d at 1329 (citations omitted) (first quoting *Jones v. Bock*, 549 U.S. 199, 220 (2007); then quoting *Kwai Fun Wong*, 575 U.S. at 416).

The appellees' counterarguments on this point are unavailing. In addition to arguments that clearly fail for reasons previously described, the appellees contend that this court *already* declined to overturn *Eckstein* and *RLB Contracting*[10] in *In re Brown*, 766 F. App'x 30 (5th Cir. 2019) (reciting the *Eckstein* rule without discussion). But the *Brown* panel made no mention of *Kwai Fun Wong* in its unpublished decision, which severely undermines the appellees' position, as "[a]n opinion restating a prior panel's ruling does not *sub silentio* hold that the prior ruling survived an uncited Supreme Court decision." *Gahagan*, 911 F.3d at 302. That's exactly what happened in *Brown*: the parties failed to mention *Kwai Fun Wong* in their briefs and instead took for granted this court's *Eckstein* rule, however shaky that rule's legal footing may have been at the time.

As a result, ours is the first Fifth Circuit panel to squarely address this question in light of *Kwai Fun Wong*, which both (1) places our Circuit's *Eckstein* rule in clear tension with binding Supreme Court precedent, and (2) directly abrogates another Fifth Circuit precedent (*FEMA Trailer*) which was a pillar at the core of the *Eckstein* rule. In short, then, *Kwai Fun Wong* indeed effects an intervening change in the law that warrants this panel's departure from the rule our court announced in *Eckstein*.

This panel is obliged to acknowledge the Supreme Court's implicit overruling of *Eckstein* and now holds that the time limitation set forth in 46 U.S.C. § 30511(a) is a mere claim-processing rule which has no bearing on a district court's subject matter jurisdiction.

---

[10] Which, importantly, was decided before *Kwai Fun Wong*.

No. 20-30767

IV.

The district court held that "under current Fifth Circuit precedent, the Court lacks jurisdiction over this limitation action, and it must be dismissed." *Bonvillian*, 502 F. Supp. 3d at 1088. Our decision to overrule that precedent today renders the district court's able decision no longer valid.

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.