# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2023

Lyle W. Cayce
Clerk

No. 22-20325

Jose Mario Alvarado Hernandez; Sandra Qinteros;
Ramel Ascencio Castro; Marlen Lizet Carceres
Rodriguez; Mayra Yaneth Rodrigue Rivera;
Blanca Rivas Gonzalez,

*Plaintiffs—Appellants*,

*versus*

Ur Mendoza Jaddou,
*Director of U.S. Citizenship and Immigration Services*;
Alejandro Mayorkas,
*Secretary, U.S. Department of Homeland Security*;
Wallace L. Carroll,
*Houston Field Office Director U.S. Citizenship and Immigration Services*;
Merrick Garland, *U.S. Attorney General*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2548

_____

Before Higginbotham, Smith, and Engelhardt, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Plaintiffs are six citizens of El Salvador and Honduras who entered the United States illegally over twenty years ago, and all have final orders of

No. 22-20325

deportation and removal. After receiving those orders, all plaintiffs successfully achieved temporary protected status ("TPS") and traveled out of the United States with an advance parole document.

After returning to the United States, plaintiffs all filed Form I-485s with the United States Citizenship and Immigration Services ("USCIS") to adjust their status to lawful permanent resident. USCIS rejected or denied all claims, stating that it did not have jurisdiction to hear the claims because the plaintiffs were not "arriving aliens" and that plaintiffs should seek adjustment from the Executive Office for Immigration Review ("EOIR").

Plaintiffs sued, alleging that USCIS's failure to accept jurisdiction and adjudicate the claims violated the Administrative Procedure Act. Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), alleging that the district court did not have subject matter jurisdiction, the claims were a forbidden collateral attack on plaintiffs' deportation/removal orders, and the plaintiffs had failed to exhaust administrative remedies. Defendants also moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), noting that as a matter of law, only the immigration courts, not USCIS, could review plaintiffs' applications for adjustment of status.

The district court granted the motion to dismiss under Rule 12(b)(6). Citing *Duarte v. Mayorkas*, 27 F.4th 1044 (5th Cir. 2022), the court concluded it had subject matter jurisdiction to determine whether USCIS could review the plaintiffs' I-485 forms. Still, on the merits, the court found that because plaintiffs were not "arriving aliens," their adjustment applications must be reviewed by EOIR.

For the same reason, we affirm. *Duarte* dealt with TPS beneficiaries with final removal or deportation orders who traveled abroad, returned, and challenged USCIS's administrative closure of their status-adjustment applications for want of jurisdiction. *Duarte*, 27 F.4th at 1048. As here, the *Duarte*

No. 22-20325

plaintiffs argued that they were "arriving aliens" and that USCIS properly had jurisdiction over their adjustment applications. *Id.* *Duarte* held otherwise. *Id.* at 1061.

Our rule of orderliness means "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). The plaintiffs provide no relevant reasons for how their case functionally differs from *Duarte*. Instead, they openly ask us to revisit and re-analyze *Duarte*. Thus, even if we disagreed with *Duarte*'s interpretation of the law, we still would have to follow it.[1]

_____

[1] Were we writing on a *tabula rasa*, we may not have subject matter jurisdiction over the appeal. In *Patel v. Garland*, 142 S. Ct. 1614 (2022), the Court held that per 8 U.S.C. § 1252(a)(2)(B)(i), federal courts lack jurisdiction over judgments pertaining to the denial of adjustment of status. *Id.* at 1622–26. The Court rejected the contention that "judgment" refers only to discretionary decisions or the ultimate denial of relief. Instead, "§ 1252(a)(2)(B)(i) encompasses not just 'the granting of relief' but also any judgment *relating to* the granting of relief. That plainly includes factual findings." *Id.* at 1622. And the Court limited its direct holding to "factual findings that underlie a denial of relief." *Id.* at 1618.

*Patel* cautioned that "the reviewability of [USCIS] decisions is not before us, and we do not decide it." *Id.* at 1626. Yet the Court knew that such a broad reading of the statute might "have the unintended consequence of precluding all review of USCIS denials of discretionary relief." *Id.* Further, the Court noted that § 1252 has an important qualifier: "Nothing in [§ 1252(a)(2)(B)] ... shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." *Id.* at 1619 (quoting § 1252(a)(2)(D)).

Thus, the Court clarified that Congress likely preserved review for "legal and constitutional questions only when raised in a petition for review of a final order of removal." *Id.* at 1626. Consequently, *Patel* heavily implies that the judiciary is without jurisdiction to decide the issue presented here. In the present case, the pertinent legal issue concerns adjustment of status, and the express text of § 1252(a)(2)(B)(i) precludes judicial review of any judgment regarding adjustment-of-status matters under 8 U.S.C. § 1255. The Court

No. 22-20325

The judgment of dismissal is AFFIRMED.

---

stated that that jurisdictional bar, when combined with the qualification in § 1252(a)(2)(D), indicates that aliens not in removal proceedings may have no ability to challenge any USCIS decision regarding adjustment of status outside of removal proceedings. *Id.* at 1626–27.

*Patel* states that "§ 1252(a)(2)(B)(i) does not stop at just the grant or denial of relief; it extends to any judgment 'regarding' that ultimate decision." *Id.* at 1625. In the present case, USCIS's ultimate decision was to refuse to take jurisdiction over plaintiffs' applications. Even though "Appellants do not seek review of a decision that could invalidate their removal orders, but rather USCIS's determination that it lacked discretion to make such a decision in the first place," *Duarte*, 27 F.4th at 1055, the plain reading of *Patel* would bar plaintiffs' claims here. Other courts have found similarly. *See Britkovyy v. Mayorkas*, 60 F.4th 1024, 1032 (7th Cir. 2023); *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 22-11818, 2023 WL 2564856, at *2–3 (11th Cir. Mar. 20, 2023); *Abuzeid v. Mayorkas*, 62 F.4th 578, 585–86 (D.C. Cir. 2023).

But for a Supreme Court case to change our law, it must "unequivocally overrule prior precedent." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) (quotation omitted). The foregoing discussion in *Patel* is *dictum* and does not unequivocally overrule *Duarte*, which remains controlling.