# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2024

Lyle W. Cayce
Clerk

No. 24-50045

United States of America,

*Plaintiff—Appellee*,

*versus*

Sean Wayne Thompson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-113-1

_____

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Sean Wayne Thompson appeals his conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), arguing that the statute violates the Second Amendment and is also unconstitutional as applied to him. After briefing was completed but while Thompson's appeal was still pending, a panel of this court decided *United States v. Diaz*, 116 F.4th 458 (2024). Because this

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court's holding in *Diaz* forecloses Thompson's Second Amendment challenge and because Thompson forfeits his argument on appeal that § 922(g)(1) is unconstitutional as applied to him in this case, we AFFIRM.

## I. FACTUAL & PROCEDURAL BACKGROUND

In April 2014, Thompson was convicted in Texas state court of two counts of aggravated sexual assault of a child and two counts of indecency with a child. According to the presentence investigation report ("PSR"), when the 13-year-old victim told Thompson she was going to tell her mother about the sexual assaults, he threatened to kill himself to prevent her from talking. Thompson was sentenced to six years of imprisonment as a result of his crimes.

On June 29, 2023, a police officer with the Midland Police Department responded to a call at an outdoor shooting range. When the officer arrived, he was informed that a convicted felon was shooting firearms at the range. The officer conducted a criminal history check on Thompson and confirmed that he was a convicted felon. Thompson was subsequently interviewed and admitted to being a convicted felon. He further admitted to possessing and shooting four firearms at the gun range. According to the PSR, Thompson was later found to be in possession of a Glock 44, .22 caliber semiautomatic pistol; a Ruger Mark IV, .22 caliber semi-automatic pistol; a Smith & Wesson, .40 caliber semi-automatic pistol; and a Glock 19, .9 millimeter semi-automatic pistol. Magazines and ammunition were also discovered with the firearms.

Thompson was arrested on June 29, 2023, and released on a $20,000 secured bond on July 10, 2023. On July 26, 2023, Thompson was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the indictment, arguing that § 922(g)(1) violated the Second Amendment facially and as applied to him in light of *New*

No. 24-50045

*York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The district court denied his motion. Thompson then pleaded guilty pursuant to a plea agreement in which he reserved his right to appeal the denial of his motion to dismiss the indictment. On January 10, 2024, the district court sentenced Thompson within the advisory guidelines range to 15 months of imprisonment, three years of supervised release, a $100 special assessment. The district court further ordered the forfeiture of Thompson's four firearms.[1] He timely appealed.

## II. STANDARD OF REVIEW

"We review preserved challenges to the constitutionality of a criminal statute de novo."[2] *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014).

## III. DISCUSSION

On appeal, Thompson renews his facial and as-applied challenges to § 922(g)(1). Thompson first argues that § 922(g)(1) violates the Second Amendment on its face in light of *Bruen* because: (1) possession of firearms for self-defense is covered by the Second Amendment; (2) felons are included in "the people" referenced in the Second Amendment; and (3) the Government cannot show that § 922(g)(1) is consistent with the nation's historical tradition of firearms regulation. He also contends that § 922(g)(1) is unconstitutional as applied to him. We address each argument in turn.

---

[1] Thompson is due to be released from prison on December 6, 2024.

[2] Thompson preserved his facial and as-applied challenges to § 922(g)(1) by raising them before the district court in his motion to dismiss the indictment.

Under 18 U.S.C. § 922(g)(1), it is unlawful:

> for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

This provision is often referred to as the felon-in-possession statute. *See United States v. Collette*, 2024 WL 4457462, at \*2 (5th Cir. Oct. 10, 2024) (unpublished) (citing *United States v. Darrington*, 351 F.3d 632, 633 (5th Cir. 2003)).

In *Bruen*, the Supreme Court addressed the constitutionality of a New York regulation that "condition[ed] issuance of a license to carry [a handgun] on a citizen's showing of some additional special need." 597 U.S. at 11. There, the Court held that the regulation violated the Second and Fourteenth Amendments. *Id.* at 10, 71 ("New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms."). Subsequent to the Court's decision in *Bruen*, this court has addressed and consistently rejected plain-error challenges regarding the constitutionality of § 922(g)(1). In doing so, this court has reasoned that "it is unclear that *Bruen* dictates such a result," given that there is an "absence of binding precedent holding that § 922(g)(1) is unconstitutional." *United States v. Henry*, 119 F. 4th 429, 432 (5th Cir. 2024); *see also United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023) (collecting cases).

4

After Thompson had submitted his opening brief, the Supreme Court issued its decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). In *Rahimi*, the Court addressed a Second Amendment challenge to § 922(g)(8), a federal statute that prohibits individuals subject to a domestic violence restraining order from possessing a firearm. *Id.* at 1894. The Court ultimately held that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 1903.

After the Court rendered its decision in *Rahimi*, a panel of this court analyzed a similar issue in *Diaz*. In that case, the defendant, Ronnie Diaz Jr., raised both facial and as-applied challenges to § 922(g)(1) under the Second Amendment as Thompson does here. *See* 116 F.4th at 461. After analyzing the Supreme Court's decisions in *Bruen* and *Rahimi*, the panel rejected Diaz's challenges to § 922(g)(1). *Id.* at 472. There, the panel explained:

> The [G]overnment has met its burden to show that applying 18 U.S.C. § 922(g)(1) to Diaz is consistent with this Nation's historical tradition of firearm regulation. *See Bruen*, 597 U.S. at 17, 142 S. Ct. 2111. At the time of the Second Amendment's ratification, those—like Diaz—guilty of certain crimes—like theft—were punished permanently and severely. And permanent disarmament was a part of our country's arsenal of available punishments at that time.

*Id.* Based on this reasoning, the panel concluded that "[b]ecause applying § 922(g)(1) to Diaz 'fit[] neatly' in this tradition," the statute was not unconstitutional—facially, or as applied to Diaz. *Id.* (citing *Rahimi*, 144 S. Ct. at 1901).

Turning to Thompson's claim here that § 922(g)(1) is facially unconstitutional, it is clear that his challenge is now squarely foreclosed by our decision in *Diaz*. *See* 116 F.4th at 472; *see also In re Bonvillian Marine*

*Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court.").

This leaves us with Thompson's as-applied challenge to § 922(g)(1). On appeal, Thompson's sole argument on this issue is that § 922(g)(1) is unconstitutional as applied to him "because the [G]overnment cannot show that felons like [Thompson] were historically disarmed." However, Thompson fails to brief his as-applied challenge by providing an argument containing "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies." Fᴇᴅ. R. Aᴘᴘ. P. 28(a)(8)(A). Instead, he points this court to the arguments raised in another appellant's brief in a different appeal and attempts to incorporate those arguments "by reference" in his own brief "to avoid unnecessary repetition." The Government counters that Thompson's attempt to incorporate another defendant's argument in support of his own as-applied challenge is "particularly inappropriate" given the fact-specific, individualized nature of as-applied challenges. *See United States v. Morgan*, 117 F.3d 849, 853 (5th Cir. 1997) ("[A]n appellant may not adopt by reference fact-specific challenges to his conviction."). We agree with the Government and consequently hold that Thompson has forfeited his as-applied argument related to the constitutionality of § 922(g)(1). *See Rollins v. Home Depot USA*,

No. 24-50045

8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal.").[3]

## IV. CONCLUSION

For the aforementioned reasons, Thompson's conviction and sentence under 18 U.S.C. § 922(g)(1) are AFFIRMED.

---

[3] In his reply brief, in response to the Government's argument that he cannot incorporate another defendant's argument by reference in lieu of briefing an argument in support of his own as-applied challenge, Thompson attempts to backtrack by providing more specific arguments related to his own as-applied challenge. We need not address those arguments here, however, because Thompson has raised them for the first time in his reply brief. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995) ("[W]e do not consider issues raised for the first time in a reply brief.").