# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-10579
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dionte Dorun Matlock,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-359-1

―――――――――――――――――――――――

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Dionte Dorun Matlock was convicted under 18 U.S.C. § 922(g)(1) for possessing a firearm as a convicted felon. On appeal, he asserts that the felon-in-possession statute is unconstitutional because (1) it facially violates the Second Amendment based on the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and (2) it exceeds

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10579

Congress's power to regulate under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. The Government has filed an unopposed motion for summary affirmance, or alternatively, for an extension of time in which to file a brief. The motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED as moot, and the judgment of the district court is AFFIRMED.

I

Matlock first argues that § 922(g)(1) violates the Second Amendment on its face because the statute does not comply with the plain text of the Second Amendment, and because the Government has failed to identify a historical analogue of firearm regulation—pursuant to *Bruen*—that is consistent with § 922(g)(1).

As both Matlock and the Government recognize, Matlock's facial challenge is "now clearly foreclosed by" *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024). *United States v. Collette*, No. 22-51062, 2024 WL 4457462, at *2 (5th Cir. Oct. 10, 2024). There, we denied an as-applied challenge to § 922(g)(1) and found the statute was "constitutional as applied to the facts." *Diaz*, 116 at 472. And "[b]ecause the challenger must establish that no set of circumstances exists under which the statute would be valid to prevail on a facial challenge, *Diaz*'s conclusion that the statute was constitutional in [that] set of circumstances prevents a facial challenge here." *United States v. Anderson*, No. 24-30287, 2024 WL 5075073, at *2 (5th Cir. Dec. 11, 2024) (quotation marks omitted) (first citing *Diaz*, 116 F.4th at 471; then citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

Moreover, Matlock's arguments—whatever their merit—are also foreclosed by our rule of orderliness, which prohibits a later panel from overturning another panel's decision *unless* it has "fallen unequivocally out of step with some intervening change in the law." *See In re Bonvillian Marine*

No. 24-10579

*Servs. Inc.*, 19 F.4th 787, 792 (5th Cir. 2021); *see also Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court."). Here, there has been no intervening change in the law, so *Diaz* controls.

II

Matlock next contends that § 922(g)(1) is unconstitutional because the provision exceeds Congress's power to regulate under the Commerce Clause. But like his Second Amendment challenge, precedent forecloses Matlock's Commerce Clause argument—and Matlock recognizes as much.

Matlock argues the Supreme Court's minimal-nexus test in *Scarborough v. United States*, 431 U.S. 563, 575 (1977)—which requires a firearm to only have a "minimal nexus" with interstate commerce to fall under Congress's Commerce Clause authority—cannot be reconciled with *United States v. Lopez*, 514 U.S. 549 (1995), which requires that regulated activity substantially affects interstate commerce. Matlock further argues that even if the *Scarborough* minimal-nexus test remains good law after *Lopez*, § 922(g)(1) still exceeds Congress's authority under the Commerce Clause because "[t]he Commerce Clause is not a general license to regulate an individual from cradle to grave" and that "any police power to regulate individuals as such . . . remains vested in the States." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 557 (2012).

However, we have "consistently upheld the constitutionality of § 922(g)(1), even after" *Lopez. United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023) (internal quotation marks and citation omitted) (finding Commerce Clause challenge was foreclosed), *cert. denied*, 144 S. Ct. 1081 (2024); *see, e.g., United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013)

No. 24-10579

(similar). And as we have recognized, subsequent Supreme Court caselaw has not addressed "the constitutionality of § 922(g)(1)," nor has it expressed "an intention to overrule the precedents upon which our cases—and numerous other cases in other circuits—relied in finding statutes such as § 922(g)(1) constitutional." *Alcantar*, 733 F.3d at 146. Accordingly, both Supreme Court and circuit precedent foreclose Matlock's Commerce Clause challenge.

## III

Because both of Matlock's challenges to § 922(g)(1) are foreclosed, summary affirmance is appropriate. *See Groendyke Transp. Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We GRANT the motion for summary affirmance, DENY as moot the alternative motion for an extension of time, and AFFIRM the judgment of the district court.