# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2025

Lyle W. Cayce
Clerk

No. 24-11042

GEORGE ANIBOWEI,

*Plaintiff—Appellant*,

*versus*

PAMELA BONDI, *U.S. Attorney General*; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TROY MILLER, *Senior Official Performing the Duties of the Commissioner, U.S. Customs and Border Protection*; PATRICK J. LECHLEITNER, *Deputy Director and Senior Official Performing the Duties of the Director for ICE*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-3495

Before ELROD, *Chief Judge*, and CLEMENT and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-11042

George Anibowei, a naturalized United States citizen and attorney in Texas, appeals the district court's dismissal of his Administrative Procedure Act ("APA") claim seeking vacatur of three directives promulgated by United States Customs and Border Protection ("CBP") and United States Immigration and Customs Enforcement ("ICE") (together, "the Government").[1] In 2016, CBP officers at Dallas-Fort Worth International Airport seized Anibowei's work cell phone when he returned from an international trip and, without his consent or a warrant, copied his phone's data. Since this incident, border agents have warrantlessly searched Anibowei's cell phone at least four additional times.

Anibowei filed suit against the Government, which, ultimately, moved to dismiss Anibowei's remaining claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted this motion and dismissed Anibowei's claim for lack of subject matter jurisdiction under Rule 12(b)(1), and, alternatively, for failure to state a claim on which relief can be granted under Rule 12(b)(6).

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Rules 12(b)(1) and 12(b)(6), "taking all well-pleaded factual allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff." *Gonzalez v. Blue Cross Blue Shield Ass'n*, 62 F.4th 891, 898 (5th Cir. 2023) (citation omitted). "We may affirm the district court's dismissal on any ground the record supports," including the alternative ground that Anibowei failed to state a claim upon which relief can be granted. *Id.* (citation omitted); *see also Cardoso*

---

[1] Specifically, CBP, Directive No. 3340-049, BORDER SEARCH OF ELECTRONIC DEVICES CONTAINING INFORMATION (2009); ICE, Directive No. 7-6.1, BORDER SEARCHES OF ELECTRONIC DEVICES (2009); and CBP, Directive No. 3340-049A, BORDER SEARCH OF ELECTRONIC DEVICES (2018).

No. 24-11042

*v. Reno*, 216 F.3d 512, 515 (5th Cir. 2000) ("[T]his Court has long recognized that reversal is inappropriate if the ruling of the district court can be affirmed on any grounds, regardless of whether those grounds were used by the district court." (internal quotations and citation omitted)). We respectfully decline to affirm the dismissal under Rule 12(b)(1).[2]

Turning to Rule 12(b)(6), Anibowei asserts that the border search exception does not apply to cell phone searches and urges us to reconsider en banc our precedent in *United States v. Castillo*, 70 F.4th 894 (5th Cir. 2023), and *Malik v. United States Department of Homeland Security*, 78 F.4th 191 (5th Cir. 2023), so that we may hold that warrants are required for most cell phone searches at the border.

---

[2] We have previously explained that "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citation omitted). We assume without deciding that the district court properly treated the Government's argument that Anibowei had "an adequate alternative remedy to APA judicial relief" as a jurisdictional inquiry and first turn to the district court's grant of the Government's Rule 12(b)(1) motion. The district court considered 5 U.S.C. § 704, which states that "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." The district court reasoned that, because Anibowei had "an adequate alternative remedy" available to him in the form of "bringing a constitutional challenge and seeking injunctive relie[f]," it did not have subject matter jurisdiction over Anibowei's APA claim. However, "[t]he 'adequate remedy' provision of § 704 is intended 'simply to avoid duplicating previously established special statutory procedures for review of agency actions.'" *Rollerson v. Brazos River Harbor Navigation Dist.*, 6 F.4th 633, 641 (5th Cir. 2021) (quoting *Darby v. Cisneros*, 509 U.S. 137, 146 (1993)). This "exception will apply only if there is clear and convincing evidence of legislative intent to create a special, alternative remedy and thereby bar APA review." *Fort Bend Cnty. v. U.S. Army Corps of Eng'rs*, 59 F.4th 180, 192 (5th Cir. 2023) (citation omitted). Neither the district court nor the parties point to such "clear and convincing evidence," *id.*, and we decline to affirm the district court's dismissal of Anibowei's claim on this ground.

No. 24-11042

However, we are bound by our rule of orderliness to follow *Castillo* and *Malik*. *See In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). As Anibowei explained in his reply brief (with added emphasis), "[a]ll agree that the validity of the Directives at issue in this case turns squarely *and solely* on the question whether the Fourth Amendment generally requires warrants to search cell phones at the border." *Castillo* and *Malik* answer this question in the negative and foreclose Anibowei's argument. *See Castillo*, 70 F.4th at 898; *Malik*, 78 F.4th at 200–01. Therefore, due to the rule of orderliness, we AFFIRM, on this ground, the district court's dismissal of Anibowei's complaint.