# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2026

Lyle W. Cayce
Clerk

No. 25-30292
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAUDEL MIRANDA-MARTINEZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CR-45-1

_____

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

After pleading guilty to illegal reentry, Raudel Miranda-Martinez was sentenced above the guidelines range to 66 months in prison. On appeal, he contends that the district court relied on rehabilitation as a ground for its upward variance, contravening *Tapia v. United States*, 564 U.S. 319 (2011), and that his sentence is substantively unreasonable.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30292

As Miranda-Martinez acknowledges, his *Tapia* claim is unpreserved and thus reviewed for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The claim fails because the district court's sentencing explanation emphasized deterrence and other appropriate 18 U.S.C. § 3553(a) factors. Rehabilitation was a "'secondary concern,'" if that. *United States v. Garza*, 706 F.3d 655, 660 (5th Cir. 2013) (citation omitted).

Miranda-Martinez argues for the first time in his reply brief that *Esteras v. United States*, 606 U.S. 185 (2025), abrogated circuit precedent applying *Tapia*. As a rule, "[t]his court does not entertain arguments raised for the first time in a reply brief," and we see no reason to do so here. *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009). In any case, Miranda-Martinez fails to show that *Esteras* "unequivocally" overruled Fifth Circuit precedent on this issue. *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) (internal quotation marks and citation omitted).

We review the substantive reasonableness of the sentence imposed for abuse of discretion, giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007). Although Miranda-Martinez contends mitigating factors were misconstrued, the district court was not required to share his estimation of the weight and significance of the facts he invokes. *See, e.g.*, *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). And although Miranda-Martinez believes the advisory range sufficiently accounted for his prior convictions and reentries, the district court was free to conclude it did not. *See id.* That one might reasonably disagree with the district court's conclusions does not establish an abuse of discretion. *See Gall*, 552 U.S. at 51.

Accordingly, we AFFIRM.

2