# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2026

Lyle W. Cayce
Clerk

No. 25-10982

Joe Martin Bravo,

*Plaintiff—Appellant*,

*versus*

Dallas Independent School District; Tarrant Appraisal District,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-1596

Before Wiener, Haynes, and Graves, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

The Dallas Independent School District fired Joe Bravo after six students complained that he made racially insensitive remarks in the classroom. He sued, alleging that the District discriminated against him based on his Mexican-American ancestry, violating Title VII of the Civil Rights Act. The district court granted the District summary judgment, reasoning that Bravo failed to produce sufficient evidence to establish a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). We AFFIRM.

No. 25-10982

## I.

Title VII prohibits employment discrimination on the basis of race, ethnicity, or national origin. 42 U.S.C. § 2000e-2(a). "[D]irect evidence of discriminatory intent is rare." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). So an employee usually "proves [their] claim [through] circumstantial evidence." *Id.* If they use circumstantial evidence, they must satisfy the *McDonell Douglas* burden-shifting framework to survive summary judgment. *Id.*

Under this framework, an employee must first establish a prime facie case. *Id.* This means they must offer sufficient evidence that they (1) are a member of a protected class, (2) were qualified for their position, (3) suffered an adverse employment action, and (4) were treated less favorably than "other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (citation modified).

The district court granted summary judgment at the fourth prong, because Bravo "fail[ed] to offer any evidence of a similarly situated comparator." *Bravo v. Dall. Indep. Sch. Dist.*, No. 3:23-CV-01596, 2025 WL 2163272, at *8 (N.D. Tex. July 30, 2025).[1] He appeals.

## II.

Bravo concedes that our precedent required him to show a similarly situated comparator. But he argues that a recent Supreme Court decision, *Ames v. Ohio Department of Youth Services*, overruled our previous cases that required him to do so. 605 U.S. 303 (2025). We disagree.

---

[1] "We review a district court's grant of summary judgment de novo." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 382 (5th Cir. 1996).

2

Our rule of orderliness binds us to a previous panel's decision "absent an intervening change in the law." *Texas v. United States*, 126 F.4th 392, 406 (5th Cir. 2025). A Supreme Court decision may qualify as an intervening change, but the "decision . . . must unequivocally overrule prior precedent." *Id.* (citation modified). The Court may do so implicitly when a decision "fundamentally changes the focus of the relevant analysis." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) (citation modified). But this happens only if "the changed analysis clearly applies to the case before us, such that we are unequivocally directed . . . to overrule the" prior panel's decision. *Martinelli v. Hearst Newspapers, L.L.C.*, 65 F.4th 231, 234 (5th Cir. 2023) (citation modified).

In *Ames*, the Supreme Court rejected the Sixth Circuit's rule that required "majority-group plaintiffs . . . to produce certain types of evidence . . . that would not otherwise be required to make out a prima facie case." 605 U.S. at 311. And the Court generally cautioned against "inflexible formulations of the prima facie standard." *Id.* at 311 (citation modified).

Of course, if our previous decisions placed a greater evidentiary burden on some groups, *Ames* might implicitly overrule them. But *Ames*'s clarification of the Title VII analysis does not clearly apply here. And our *McDonnell Douglas* authority is flexible enough to survive *Ames*. Indeed, our court has already cautioned that our review of whether a comparator employee is similarly situated "cannot be too rigid." *Moore v. Univ. Miss. Med. Ctr.*, 719 F. App'x 381, 385 (5th Cir. 2018) (citing *Lee*, 574 F.3d at 260 n.26).

No. 25-10982

Hence, our previous decisions that require a similarly situated comparator still bind us.[2] To survive summary judgment, Bravo must offer evidence that he was treated less favorably than a similarly situated employee who was not a member of his protected class. *E.g.*, *Saketkoo*, 31 F.4th at 998. Because he cannot, he fails to carry his prima facie burden under *McDonnell Douglas*, and the district court properly granted summary judgment.[3] We AFFIRM.

---

[2] *Contra Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 944–45 (11th Cir. 2023) (allowing a plaintiff to survive summary judgment without evidence of a comparator employee because the *McDonnell Douglas* prima facie case is an "evidentiary tool" not "a substantive standard of liability"); *see also Awe v. Harris Health Sys.*, 163 F.4th 969, 975–76 (5th Cir. 2026) (ELROD, C.J., concurring) ("[T]he Fifth Circuit's reading of the *McDonnell Douglas* standard [is] foreign to both Title VII and Rule 56, [and] puts on blinders to the various ways . . . a plaintiff could prove [their] claim." (citation modified)); *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 349–50 (5th Cir. 2019) (COSTA, J., specially concurring); *Green v. HCTec Partners, L.L.C.*, No. 24-20554, 2026 WL 839112, at *6–8 (5th Cir. Mar. 26, 2026) (OLDHAM, J., concurring in the judgment).

[3] Because Bravo's Title VII claim fails this threshold inquiry, we do not reach his other arguments.